76 F.3d 384
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Javier L. ARAUZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70228.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1995.*
Decided Dec. 11, 1995.
 
 Before: SNEED, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Javier Arauz, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the decision of the immigration judge (IJ), denying his application for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 We review the factual findings underlying the denial of asylum and withholding of deportation for substantial evidence. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992).
 
 
 4
 To establish eligibility for asylum based on a well-founded fear of persecution, asylum applicants must show both a genuine subjective fear of persecution and an objectively reasonable fear. See Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). The burden is on the applicant to meet this standard. Id. "The objective component requires a showing by 'credible, direct, and specific evidence' of facts supporting a reasonable fear of persecution" on account of one of the enumerated grounds. Id. (quoting Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam)).
 
 
 5
 Arauz testified that his mother had been politically active on behalf of former president Somoza, and that he had been a member of the "Somozista Youth." He testified that after the Sandinista revolution in 1979, his parents began receiving threatening phone calls because they were perceived to be enemies of the Sandinistas. He testified that in 1980, when he was fourteen years old, the Sandinistas came to his house and tried to make him join the military. According to Arauz, he successfully resisted their attempts, but the men threatened that they would force him to join later. Arauz testified that he quit school and was sent by his parents to a ranch where the Sandinistas could not find him. He said he left Nicaragua in May, 1983, in order to avoid military service and also because he feared that he would be harmed because his family was considered to be enemies of the Sandinistas.
 
 
 6
 Arauz's mother testified at the hearing that on several occasions Sandinistas came to her house in an attempt to recruit her son into the military, but on each occasion she was able to persuade them not to take him. She testified that she continued to receive threatening phone calls from the Sandinistas until she left Nicaragua in March, 1986, and that the Sandinistas visited her house frequently immediately prior to her departure and accused her of being an enemy of the Sandinistas and of hiding weapons. She said she was never detained, arrested or physically harmed. She testified that she was granted asylum in the United States.
 
 
 7
 The IJ's finding that Arauz lacked a well-founded fear of future political persecution is supported by substantial evidence. The threats made by Sandinistas against him were connected to his refusal to join the military. "A government's conscription efforts do not constitute persecution on account of political or religious beliefs except in those rare cases where a disproportionately severe punishment would result on account of those political or religious beliefs." Alonzo v. INS, 915 F.2d 546, 548 (9th Cir.1990). Here, Arauz never received any punishment for refusing to join the military. He lived in Nicaragua for several years after his refusal without ever being arrested, detained or physically harmed. Although Arauz's mother was threatened by the Sandinistas because of her political activity, and she was granted asylum, Arauz failed to establish that his mother's political opinions were imputed to him by the Sandinistas. See Prasad v. INS, 47 F.3d 336, 340 (9th Cir.1995) ("[A]ttacks on family members do not necessarily establish a well-founded fear of persecution absent a pattern of persecution tied to the petitioner[ ]."). We cannot say that the evidence was "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992).
 
 
 8
 Arauz also argues that the BIA erred by finding that he was not eligible for asylum on the basis of past persecution. While past persecution alone can be sufficient independent of the risk of future persecution, it is limited to situations in which the applicant has suffered "under atrocious forms of persecution." Acewicz, 984 F.2d at 1062 (citing Matter of Chen, Int.Dec. 3104 at 4-5 (BIA 1989)). In light of Arauz's testimony that he was never detained, arrested, or physically mistreated, we cannot say that the BIA erred by finding that he was not eligible for asylum on the basis of past persecution alone. Cf. Kazlauskas v. INS, 46 F.3d 902, 907 (9th Cir.1995).
 
 
 9
 Finally, because the standard for withholding of deportation is higher than the standard for a grant of asylum, and because Arauz has failed to meet the lower standard for a grant of asylum, we affirm the BIA's denial of withholding of deportation. See Acewicz, 984 F.2d at 1062.
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3